IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| PRINCE GEORGE JENNINGS, THE SOVEREIGN OF THE SOIL; § § | | |
| *Plaintiff*, § § | | |
| v. § § | PE-24-CV-00046-DC-DF | |
| UNITED STATES OF AMERICA and STATE OF TEXAS, § § § | | |
| *Defendants*. § | | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is *pro se* Plaintiff Prince George Jennings, the Sovereign of the Soil's ("Plaintiff") More Definite Statement. (Doc. 26). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the undersigned **RECOMMENDS** Plaintiff's claims be **DISMISSED WITH PREJUDICE**. (Doc. 26).

### BACKGROUND

On September 20, 2024, Plaintiff filed this Complaint against Defendants United States of America and the State of Texas. (Doc. 1). Plaintiff's Complaint was less than one page long and handwritten, bringing claims for denial of amnesty, denial of United Nation Indigenous Rights, and denial of sovereign rights related to a state criminal case. *Id.* Before addressing the Complaint, the Court ordered Plaintiff to either pay the filing fee or file an application to proceed *in forma pauperis* ("IFP Application"). (Doc. 11).

Plaintiff filed his IFP Application on February 11, 2025. (Doc. 15). The Court granted Plaintiff's IFP Application on March 4, 2025, but ordered Plaintiff to file a More Definite Statement on or before May 1, 2025. (Doc. 19).

A few weeks before the statement was due, Plaintiff asked the Court for clarification on its previous Order. (Doc. 23). The Court issued a second Order addressing Plaintiff's concerns and extending the More Definite Statement deadline to May 27, 2025. (Doc. 23). Plaintiff filed his More Definite Statement, styled as a Complaint, on May 2, 2025. (Doc. 26).

Plaintiff clarifies in his More Definite Statement that he seeks amnesty and sovereign immunity from incarceration related to his state criminal case under *Bivens* and 42 U.S.C. § 1983. *Id.* at 3. According to Plaintiff, he was incarcerated on September 25, 2024, for trespassing "on sovereign land," and he believes his incarceration violates his sovereign rights as an indigenous person. *Id.* at 3–4. Albeit unclear, Plaintiff challenges the federal court for failing to "step in" and prevent the improper denial of his amnesty and sovereign immunity guaranteed to him under federal law and the United Nation's Indigenous Rights. *Id.* at 3–5. Plaintiff brings these claims against the 143rd Judicial District Court and the Lucius D. Bunton, III United States Courthouse. *Id.* at 2. The United States of America and the State of Texas are no longer listed as defendants in the More Definite Statement. *Id.*

After carefully reviewing the More Definite Statement, the Court **RECOMMENDS** Plaintiff's claims be **DISMISSED WITH PREJUDICE AS FRIVOLOUS**.

## DISCUSSION

Plaintiff's claims should be dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e). Under § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). After careful review, the Court finds Plaintiff's claims lack an arguable basis in law.

Plaintiff's claims take root in the "sovereign citizenship" theory, which multiple courts, including the Fifth Circuit, have found legally frivolous. *Chavis v. T-Mobil US, Inc.*, No. A-23-CV-1513, 2024 WL 150734, at *3 (W.D. Tex. Jan. 11, 2024); *see Watson v. Tex. State Univ.*, 829 F. App'x 686, 686 (5th Cir. Nov. 13, 2020) (per curiam) (affirming district court's dismissal of sovereign citizen claims as frivolous and "entirely without merit."); *see also Berman v. Stephens*, No. 14-CV-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases from around the country holding the "sovereign citizen" theory legally frivolous). And to the extent Plaintiff seeks solid legal ground in international treaties, such as those related to the United Nations, those claims likewise are meritless. *See King/Morocco v. Park Place Lexus Plano*, No. 18-CV-780, 2019 WL 4282801, at *5 (E.D. Tex. Aug. 6, 2019) (finding plaintiff's claims he was indigenous and protected under the United Nations treaties for indigenous people

meritless), *R. & R. adopted*, 2019 WL 4277473 (E.D. Tex. Sept. 19, 2019). Put simply, Plaintiff's claims lack any legal foundation.

What is more, this is not the first time—nor the second or third time—Plaintiff has filed a lawsuit in the Western District of Texas.[1] This is no less than Plaintiff's sixth lawsuit. His seventh case, filed after this one, alleged facts nearly identical to those here, and was dismissed without prejudice as malicious on February 20, 2025. Order Dismissing Case Without Prejudice, *Jennings v. United States*, No. 25-CV-00026 (Doc. 5). The Court **WARNS** Plaintiff that continuing to file frivolous lawsuits may result in sanctions.[2] *Farguson v. Mbank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986) ("[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").

Lastly, the Court acknowledges "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 768–69 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). But granting leave to amend is not required when a plaintiff has pleaded his "best case." *Vega v. City of El Paso*, No. EP-21-CV-00116, 2022 WL 789334, at *9 (W.D. Tex. Mar. 15, 2022) (quoting *Brewster*, 587 F.3d at 767–68). Here, Plaintiff's claims

---

1. Plaintiff has filed seven lawsuits: four were dismissed for want of prosecution; one was voluntarily dismissed by Plaintiff; one, as discussed above, was dismissed as malicious; and, as of this case, one was recommended to be dismissed as frivolous.

2. Plaintiff has three strikes on the three-strikes list. Nevertheless, the three-strike bar is inapplicable here because Plaintiff filed his Complaint before reincarceration. *See* 28 U.S.C. § 1915(g).

have no legal merit, so amendment would be legally fruitless. Leave to amend should be **DENIED**.

## RECOMMENDATION

For the reasons above, it is **RECOMMENDED** Plaintiff's cause of action be **DISMISSED WITH PREJUDICE** as **FRIVOLOUS** under 28 U.S.C. § 1915(e). Finally, it is **RECOMMENDED** leave to amend be **DENIED**.

SIGNED this 24th day of June, 2025.

_____
DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).