IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| PRINCE GEORGE JENNINGS,<br>THE SOVEREIGN OF THE SOIL;<br>*Plaintiff,* | § § § § § § § § § § | |
| v. | | P:24-CV-00046-DC |
| UNITED STATES OF AMERICA,<br>et al.,<br>*Defendants.* | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THE COURT is the report and recommendation from United States Magistrate Judge David B. Fannin (Doc. 27) concerning *pro se* Plaintiff Prince George Jennings, the Sovereign of the Soil's More Definite Statement (Doc. 26). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Magistrate Judge Fannin issued his report and recommendation on June 10, 2025 (Doc. 27). As of the date of this Order, neither party has filed objections.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy and, in doing so, secure *de novo* review by the district court. When no objections are timely filed, a district court reviews the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Because no party has

filed timely objections, the Court reviews the Report and Recommendation for clear error, finding none.

As highlighted by Magistrate Judge Fannin, Plaintiff's claims cling to the script of the sovereign citizenship movement, whose unifying theme is the belief that, somehow, the laws of the United States simply don't apply to them. It's a theory as unconvincing as it is persistent. And every court to encounter it—from district benches to the Fifth Circuit and beyond—has reached the same conclusion: that theory is legally frivolous, full stop. *See, e.g., Chavis v. T-Mobile US, Inc.*, No. A-23-CV-1513, 2024 WL 150734, at *3 (W.D. Tex. Jan. 11, 2024); *Watson v. Tex. State Univ.*, 829 F. App'x 686, 686 (5th Cir. Nov. 13, 2020) (per curiam) (affirming district court's dismissal of sovereign citizen claims as frivolous and "entirely without merit."); *see also Berman v. Stephens*, No. 14-CV-860, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015) (collecting cases holding "sovereign citizen" theory legally frivolous). Plaintiff's attempt to repackage these same baseless theories under the banner of international treaties fares no better. *King/Morocco v. Park Place Lexus Plano*, No. 18-CV-780, 2019 WL 4282801, at *5 (E.D. Tex. Aug. 6, 2019)).

In short, Jennings' arguments are legally fantastical, a.k.a., frivolous. They will not be further considered by this Court.

The Report and Recommendation is **ADOPTED**; the case is **DISMISSED WITH PREJUDICE**.

It is so **ORDERED**.

SIGNED this 11th day of July, 2025.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE